IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE ) | 1:11-cv-0718 AWI BAM |
| ) | |
| Plaintiff, ) | RESPONSE AND ORDER RE: PLAINTIFF'S REQUEST FOR |
| v. ) | BLANK SIGNED SUBPOENA FORMS |
| ) | |
| TOMMY JONES, an individual, and ) DOES 1-100, et al., ) | |
| ) | Doc. # 54 |
| Defendants. ) | |

On or about March 25, 2013, the court received a telephone communication from Plaintiff requesting that he be provided with a number of signed, but otherwise blank, subpoena forms which Plaintiff intends to issue in preparation for the anticipated trial in this action. Plaintiff was informed by the deputy clerk that he would be required to submit a request for subpoenas identifying the case number (because Plaintiff is currently the plaintiff in two cases before this court), the record, information, thing, or person to be subpoenaed and an explanation of why the subpoena(s) is/are necessary. On March 29, 2013, Plaintiff filed a document in the form of a memorandum expressing Plaintiff's concern that the requirement that subpoena's must be requested from and approved by the court would created prejudice to Plaintiff. Plaintiff avers that Defendants have an adequate remedy to the issuance of objectionable subpoenas by way of motion to quash. Plaintiff contends that providing

Defendants with an opportunity to oppose a subpoena prior to its issuance by way of opposition to a request for issuance is prejudicial to Plaintiff's ability to prepare for trial.

Although Rule 45(a)(3) of the Federal Rules of Civil Procedure provides for the issuance of forms for obtaining subpoenas to litigants who are not officers of the court, Rule 45(c) requires that the court assure that there is no abuse of the process. With regard to the issuance of subpoenas for production of records or information (subpoenas duces tecum), this court has discharged its responsibility to prevent abuse of the process by requiring that the pro se litigant clearly identify (1) the documents that are sought and from whom; and (2) the reason why the documents are only available through the third party and are/were not available through the adverse party in the normal process of discovery. See, e.g., Davis v. Ramen, 2010 WL 1948560 (E.D. Cal. 2010) at *1; Williams v. Adams, 2010 WL 148703 (E.D. Cal. 2010) at *1.

In this action, the court has three specific concerns that relate to the court's role in preventing abuse of the process. First, to the extent Plaintiff seeks subpoenas for the purpose of securing witnesses at trial, the trial date in this case has been vacated and has not been reset as of this writing. Any issuance of subpoenas for the purpose of testimony at trial is therefore premature. Second, with regard to the issuance of subpoenas duces tecum for the purpose of securing documentary evidence to be presented at trial, the court notes that the expert discovery cut-off deadline was November 1, 2012, and non-expert discovery closed on October 15, 2012. The court has not been informed of any issues regarding discovery in this case and is not inclined to issue subpoenas for the purpose of further discovery without an explanation of why the material sought could not have been obtained during the normal discovery period.

Finally, the court has serious concerns with Plaintiff's ability to maintain a relevant focus during future proceedings in this case. Plaintiffs past pleadings in this case have strongly hinted that Plaintiff may contemplate a trial in this action as an opportunity to: (1) vindicate grievances against non-parties (Larry Morse, McClatchey Newspapers, Corey Pride, and others); (2) to vindicate his idea of a wide-ranging conspiracy to impair an as-yet

undefined right to expose to the public information concerning malfeasance by public officials; or (3) to vindicate the *substance* of allegations against Defendant that Plaintiff was trying to advance in his recall effort. The maintenance of this action is dependent to a great extent on the court's ability to find that Plaintiff is capable of confining his focus at trial on the single narrow question of whether Defendant Ford impermissibly restricted Plaintiff's right to speak freely for a full five-minute period on the occasion of the public comments period at the city council meeting of March 19, 2008. The court emphasizes that this is the *only* issue in this case. Plaintiff will not be allowed to present evidence of a broader conspiracy to silence him or to publically vindicate the substance of any claim Plaintiff has made against Ford or anyone else. Again, this case is about Plaintiff's time at the microphone on March 19, 2008, and whether Plaintiff was prematurely and improperly hustled out of the city council meeting. Nothing more.

## CONCLUSION AND ORDER

Under the facts of this case, the court has a strong duty to supervise the process of issuance of subpoenas and, in particular, the issuance of subpoenas duces tecum, which it will carry out by requiring that Plaintiff obtain leave of the court before issuing any subpoenas. To the extent Plaintiff may feel prejudiced by this decision, Plaintiff may file, along with his request to issue subpoenas, a motion to seal that request. Upon receipt of both the request or requests and the motion to seal, the Clerk of the Court will seal the requests for subpoenas and the court will not permit examination of the request by Defendants unless and until due process so requires. The court will examine any requests for subpoena and will issue subpoena forms to the extent the court determines the subpoena does not abuse the interests of non-parties in this action and to the extent the court is satisfied that Plaintiff is entitled to the issuance of each subpoena consistent with the concerns expressed in this response. Any request for subpoena shall include the purpose of the subpoena – whether to secure a person for testimony at trial or to secure a thing or document for evidence – the person to be served, an explanation of the relevance of the information sought and an explanation of why any information sought by way of subpoena now could not have been

acquired during the normal course of discovery.


IT IS SO ORDERED.

Dated:    April 11, 2013                             _____
                                                    SENIOR  DISTRICT  JUDGE