**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EUGENE FORTE** | ) |
| | ) 1:11-cv-0318 AWI BAM |
| Plaintiff, | ) |
| | ) 1:11-cv-0718 AWI BAM |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| **COUNTY OF MERCED; DISTRICT ATTORNEY LARRY MORSE; DEPUTY DISTRICT ATTORNEY ALAN TURNER; COUNTY COUNSEL JAMES FINCHER; MERCED COUNTY SHERIFF MARK PAZIN; MERCED COUNTY SHERIFF DEPUTIES PACINICH, JASKOWIEAC, HILL and LEUCHNER; JAMES PADRON; SUPERVISOR JERRY O'BANION; CITY OF LOS BANOS; LOS BANOS POLICE OFFICERS GARY BRIZZEE and ANTHONY PARKER; CATHOLIC DIOCESE OF FRESNO; CONNIE McGHEE; McCLATCHY NEWSPAPERS; LOS BANOS ENTERPRISE; GENE LIEB; COREY PRIDE; and DOES 1 through 100, et al.,** | ) **AND ORDER ON PARTIES' MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM.** ) ) **ORDER ON PLAINTIFF'S MOTIONS FOR APPOINTMENT OF ATTORNEY OR ATTORNEY AD LITEM.** ) ) **INFORMATIONAL ORDER ON SCHEDULED HEARING ON MENTAL CAPACITY** ) ) **[This Order Addresses Docket # 134 in Case 11cv0318 and Docket #'s 66 and 67 in Case 11cv0718]** |
| Defendants. | ) |
| | ) |
| **EUGENE FORTE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **TOMMY JONES, an individual, and DOES 1-100, et al.,** | ) |
| | ) |
| Defendants. | ) |

This order addresses an issues raised by both parties in both Forte v. Jones, 11-cv-0718, and Forte v. County of Merced, et al., 11-cv-0318, regarding the appointment of a guardian ad litem and/or an "attorney ad litem."  This order also is intended to convey additional information regarding issues to be addressed in the hearing on Plaintiff's competency to proceed *in pro per* currently scheduled for July 9, 2013.  The issues addressed at that hearing and the conclusions that result regarding Plaintiff's competency will have applicability to both cases.  Therefore, this order is to be filed in both cases and the orders set forth below apply equally to both cases.

On April 10, 2013, the Defendants in this court's Case Number 11cv318 notified this court that Plaintiff had been determined in Merced Superior Court cases CRL 001412 and CRL 003409 to not be mentally competent to stand trial in those misdemeanor criminal cases and that the Superior Court had granted the government's motion to dismiss pursuant to California Penal Code section 1370.2.  Defendants in case 11cv0318 requested that this court order an mental evaluation *sua sponte* pursuant to Rule 17(c) of the Federal Rules of Civil Procedure.  On the same date, Plaintiff filed a document objecting to Defendants' request for a competency hearing and requesting that his wife be appointed guardian ad litem and that an attorney be appointed at no cost to Plaintiff ("attorney ad litem")to facilitate Plaintiff's wife's discharge of her duties as guardian an litem.  Doc. # 123.  A second motion requesting appointment of counsel was filed on May 23, 1013.  In this court's Case Number 11cv0718, Plaintiff moved for appointment of counsel (attorney ad litem) on May 24, 2013.   For the reasons that follow, all currently-pending motions pertaining to appointment of, or recognition of guardian ad litem will be denied as untimely.  Plaintiff's motions for appointment of attorney at no cost to him will be denied with prejudice.  The following information is provided regarding the court's decision as to Plaintiff's mental competency.

**I. Hearing to Determine Competency – Purpose and Scope**

The parties have made it clear that Plaintiff was declared incompetent to stand trial as a *defendant* in two misdemeanor *criminal* proceedings in the Merced County Superior Court.  Three question arise as a result of the Superior Court's determination.  The first is what

impact does the Superior Court's determination have on the proceedings in this court? The second question is whether and why this court should conduct its own hearing regarding Plaintiff's competence? The final question is, assuming a determination of Plaintiff's competence is necessary, what questions are crucial in making that determination?

### *A. Significance of the Superior Court's Determination*

The concerns of a court in determining mental competency of a *defendant* in a *criminal* matter are fundamentally different from the concerns of a court in determining the mental competency of a *plaintiff* in a *civil* case. In a criminal case, there is a constitutional right under the Sixth Amendment to assistance of counsel which is impaired if the defendant cannot cooperate effectively with the appointed counsel. The transcript of Plaintiff's competency hearing in the Merced County Superior court has been provided in case 11-cv-0318 at Docket Number 122-4 and in case number 11-cv-0718 at Docket Number 53-1. The finding of the hearing is expressed by the Superior Court as follows:

> [T]he court finds first that the defendant is presently *able clearly to understand* the nature and purpose of the proceedings that have been taken against him in this matter. However, the Court also finds based upon the evidence that he suffers from a delusional disorder based on his firm belief of a wide spread conspiracy against him, that the defendant's insistence upon presenting that evidence causes him to be *presently unable to cooperate* in a rational manner with counsel in presenting a defense.

Reporter's transcript of proceedings on January 28, 2013, in Superior Court case CRL001412 at 62:15-23, Doc. # 53-1 (italics added). In the context of criminal defendants who are adults, the standard of competence the trial court uses is set forth in Penal Code § 1367, which provides, in pertinent part:

> A defendant is mentally incompetent for purposes of this chapter if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the *criminal* proceedings or to assist counsel in the conduct of a defense in a rational manner.

Cal. Penal Code § 1367(a) (italics added). The question before this court in this civil case is whether Plaintiff is capable of representing himself where it is generally agreed that Plaintiff understands the nature of the proceedings and where he is not required to cooperate with counsel because he is representing himself. In this context, the standard of competency set

3

forth in Penal Code section 1367 appears to have limited or perhaps no applicability. Guidance from California courts regarding standards for the assessment of competence and the appointment of guardians ad litem in the context of adult parties in civil cases is sparse. In re Sara D., 87 Cal.App.4th 661, 667 (5th Dist. 2001). Federal case authority is similarly sparse and, while the court's research on the topic has not been exhaustive, there do not appear to be any federal cases that are of much help with regard to the issues present here.

There is a second reason the determination of the Superior Court is of limited use in this court's determination of Plaintiff's competency. In making a determination of competence, a court may take judicial notice of *undisputed* facts contained in a public document such as a court filing and may rely on those facts as if they were true. However, if the facts are *disputed*, then the court may only take notice of the filed court document "for the limited purpose of recognizing the judicial act that the order [or filing] represents on the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); see also, Lee v. City of Los Angeles, 250 F.3d 668, 689-690 (9th Cir. 2001); Elder-Evans, 2012 WL 2577589 at *3.

Plaintiff clearly disputes the Superior Court's determination of his mental incompetence to be a defendant in a criminal misdemeanor proceeding. Thus, this court cannot hold that the determination the Superior Court made is factual. This court may only look to the Superior Court's determination for the purpose of noting that the Superior Court saw fit to address the issue of Plaintiff's mental competence in the context of two misdemeanor criminal cases.

For these reasons, this court cannot rely on the Superior Court's determination that Plaintiff is/was not competent to stand trial as a defendant in misdemeanor criminal cases. To the extent this court determines that an inquiry into the issue of Plaintiff's competency is necessary, this court must conduct its own proceedings independently of any proceedings conducted by the Superior Court.

*B. Is a Determination of Plaintiff's Mental Competency Necessary In These Proceedings, and If So, Why?*

There are two sets of concerns that lead the court to the conclusion that at least one hearing on the issue of Plaintiff's competence to represent himself in this civil action is necessary. The first concern is procedural. As the court previously noted, Defendants in case 11cv0318 requested that this court order an mental evaluation *sua sponte* pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. Defendants have also noticed an intent in Case Number 11cv0718 to raise the issue of Plaintiff's competence to present evidence at trial in that case. In addition Plaintiff has requested that his wife be appointed guardian ad litem if that should become necessary and has informed the court that he has begun proceedings in the Stanislaus County Superior Court for the appointment of his wife as conservator.

The obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until *after* a determination of incompetence has been made by the court in which the issue is raised. Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (9th Cir. 2003). The determination of incompetence for purposes of self-representation removes substantial control from a plaintiff over decisions pertaining to his or her case. See In re Jessica G., 93 Cal.App.4th at 1186-1187 (the introduction of a guardian ad litem is no small matter because it removes control from the party being represented). The court therefore may not respond to any motion by any party to insert an individual in the capacity of guardian ad litem without appropriate formal proceedings.

The second, and more important, concern the court has regarding Plaintiff's competency arises out of the court's review of the sum and substance of Plaintiff's extensive pleadings in both cases. The court finds upon review that there is ample reason to have concern over Plaintiff's ability to conduct his part of the proceedings so as to assure the integrity of the court's proceeding. "'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence and submission to their lawful mandates.' [Citations.]" Chambers v. NASCO, 501 U.S. 32, 43 (1991) (quoting Anderson v. Dunn, 6 Wheat. 204, 277, 5 L.Ed. 242 (1821)). In

proceedings before this or any court, the court acts as arbiter of disputes as to the law that governs the proceeding and acts as gatekeeper with regard to the relevance of facts that parties present to the court or seek to introduce into evidence. Courts have inherent authority to assure that the parties before the court abide by the court's determinations of law and decisions of relevance and that the parties adhere to norms of conduct that demonstrate respect for its orders. See Halaco Engineering C. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988) (court's inherent power of sanction exist to "insure the orderly administration of justice and the integrity of the court's orders").

Plaintiff has made it clear that he is convinced that this court is biased against him and has requested that Judge Ishii voluntarily recuse himself. See Doc. # 56, Case No. 11cv0718 at 21. Plaintiff has also more recently made his regard for this court, as well as every other court, official or institution that has failed to endorse Plaintiff's personal notions of just treatment, explicit in his motion for leave to file an appeal. See Doc. 77, Case No. 11cv0718 at 9:7-15 ("The Honorable Justices of the Ninth Circuit Court of Appeals should have as much untethered disrespect as this purportedly mentally incompetent plaintiff does for Anthony Ishii, his law clerks, the California Supreme Court, the Fifth and Sixth Appellate Courts, the Merced and Monterey Superior Courts, Judge James Cadle, Merced County District Attorney Larry Morse, III, Merced county Public Defender Eric Dumars, California Attorney General Kamala Harris, U.S. Attorney Benjamin Wagner, the FBI, McClatchy Newspapers, the public official defendants and their counsels, Roger Matzkind, James Fincher, Benjamin Ratliff, Chad Snyder, and California Licensed Psychologists Dr. Richard Blak, Andrew Neufield and Phillip Hamm").

If Plaintiff truly does have "untethered disrespect" for all the above individuals and institutions, the court finds it is reasonable to question Plaintiff's ability to engage in the processes of this court on terms that will be non-prejudicial to the opposing party and in conformity with the court's duty to maintain decorum. While Plaintiff may feel that the hearing on his competence is "irregular," it is within the court's inherent power to schedule such hearing when circumstances call into question a party's ability or willingness to accept

6

the authority of the court to make its determinations and issue its orders. Given Plaintiff's demonstrated tendency to disparage each court determination that does not conform to his personal notions of justice, and to level *ad hominem* attacks on the individuals he feels are responsible for those decisions, the court cannot but question whether he possesses both the ability and willingness to abide by the court's orders reflecting the law of the case and the court's determinations regarding factual relevance regardless of the extent to which he may disagree with those determinations and regardless of his opinions of the competence or motivations of the individuals making them.

The court remains of the opinion that a hearing on Plaintiff's competency to continue to represent himself is procedurally necessary given the issues that have been raised by the parties and is judicially prudent given Plaintiff's stated opinions of the proceedings thus far. The court wishes to emphasize that, while the need to address the issue of competence is apparent, there is absolutely no evidence currently before the court that points conclusively to any particular outcome.

### C. What Constitutes Competence for Purposes of this Case?

As noted above, the court has not been able to find any statutory or case authority defining mental competence in a context that is helpful in this case. Where, as here, there is no constitutional right at play other than the preservation of due process, the court's focus will be pragmatic: first, will Plaintiff be willing to, and capable of, conduct before the court that is respectful of the court's duty and authority to decide disputed issues of law and determine factual relevance? Second, can Plaintiff be depended upon to restrain the sort of irrelevant invective and *ad hominem* attacks that have been on display in his pleadings and which are impermissibly prejudicial to other parties? While the court has no present reason to believe that Plaintiff will not be able to meet these requirements, it is important that Plaintiff understands that the court's view of what is relevant is very likely to be a good deal narrower than what Plaintiff may think should be the case. In particular, Plaintiff must understand that, although determinations of relevance are context-dependent and sometime problematic, there is no presently conceivable situation in which any evidence of past bad

acts by Mr. Jones in Case Number 11cv0718 or of malicious intent by the remaining defendants in Case Number 11cv0318 could be considered relevant to any issue remaining to be tried in either of these two cases.  The court will base any determination that Plaintiff is competent to continue representing himself on its belief that Plaintiff is aware that a significant amount of information he may want to present to the finder of fact may be held irrelevant.  Plaintiff will be expected to continue in the proceedings without comment or complaint despite his disagreements until his disagreements can be taken up with the appellate court after the entry of final judgment in this case.

It is probably worth noting that there are several factors that will not enter into the court's determination of Plaintiff's competence.  These include whether or not Plaintiff actually does or does not suffer from delusional beliefs; whether or not Plaintiff carries any particular diagnosis of psychological impairment so long as such impairment does not affect Plaintiff's understanding of the nature and significance of the proceedings; and whether Plaintiff has or has not nominated or appointed another person as his conservator or guardian ad litem.  Also, Plaintiff's expressed opinions regarding this court, its personnel or opposing counsel will not enter into the court's determination so long as it is evident to the court that these are feelings Plaintiff will keep to himself having now informed the court and the opposing parties that they exist.

**II. Appointment of Guardian Ad Litem**

The obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until *after* a determination of incompetence has been made by the court in which the issue is raised.  Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (9th Cir. 2003).  The court will not approach the issue of appointment of guardian ad litem in advance of a determination of incompetence because the determination of incompetence for purposes of self-representation removes a plaintiff from control over all or most decisions pertaining to his or her case.  See In re Jessica G., 93 Cal.App.4th at 1186-1187 (the introduction of a guardian ad litem is no small matter because it removes control from the party being represented).  Any and all requests for appointment of guardian ad litem currently before the

court will be denied without prejudice as untimely or will be held in abeyance until such time as a determination of competence is made.

### III. Appointment of Attorney or "Attorney Ad Litem"

As previously mentioned, the constitutional requirement under the Sixth Amendment for provision of legal counsel only applies to defendants in criminal cases. There is no constitutional requirement that a plaintiff in a civil case be provided with counsel. Rule 17(c) of the Federal Rules of Civil Procedure does not require appointment of an attorney; it requires only that the court "appoint a guardian ad litem – or issue other appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Id. Plaintiff's remaining claims in both cases are pursuant to 42 U.S.C. § 1983. To promote access to courts by parties that could not otherwise pay for an attorney, Congress has provided that attorneys fees and cost may be recovered by the prevailing party for a suit brought pursuant to section 1983. 42 U.S.C. § 1988(b). This is the primary and usual means by which private litigants seeking to vindicate important constitutional rights are able to gain access to assistance of counsel. Under this scheme, the court has no role in securing counsel for the unrepresented plaintiff, but private attorneys are provided incentive to take up representation in cases they feel are meritorious.

The only means involving the court by which a private person may acquire legal assistance at no cost to himself is to file an action *in forma pauperis* and request through the court for voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Section 1915(d) does not give the court the power to make a mandatory appointment of counsel, but allows the court to request assistance from volunteer counsel. United States v. 30.64 Acres of Land, 795 F.2d 796 (9th Cir. 1986). Plaintiff does not qualify for request for voluntary counsel with regard to proceedings in this court because Plaintiff's actions were not filed *in forma pauperis*. Plaintiff's motion for leave to file appeal was filed with a request to proceed *in forma pauperis*, but, as explained in the accompanying orders denying leave to file an interlocutory appeal, any action filed *in forma pauperis* is subject to screening pursuant to Rule 17(e)(2) and the court has determined that the request for interlocutory appeal is

9

procedurally inappropriate.

In sum, the court is without statutory authority or means to secure counsel at no expense to Plaintiff.

THEREFORE, for the reasons set forth above, it is hereby ORDERED that all motions by either party to appoint a guardian ad litem in advance of a determination of Plaintiff's lack of competence to proceed are DENIED without prejudice as untimely. All motions in both cases for appointment of counsel at no cost to Plaintiff are DENIED with prejudice.

IT IS SO ORDERED.

Dated:   June 26, 2013

SENIOR DISTRICT JUDGE