**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EUGENE FORTE,** | **1:11 – CV – 00718  AWI  BAM** |
| Plaintiff, | **1:11 – CV – 00318  AWI  BAM** |
| vs. | |
| **TOMMY JONES, an individual and DOES 1-100, inclusive,** | **COURT'S RESPONSE TO PLAINTIFF'S MOTION FOR A MORE DEFINITIVE STATEMENT AND AMENDED MOTION FOR ORDERS AND PLAINTIFF'S STATUS REPORT ON APPEAL** |
| Defendants. | **Order Addresses:** |
| **EUGENE E. FORTE,** | **Case 11cv0318; Doc. Nos. 174 and 193** |
| Plaintiff, | **Case 11cv0718 ; Doc, No. 106** |
| Vs. | |
| **COUNTY OF MERCED, ET AL.,** | |
| Defendants. | |

    Currently before the court are two motions by plaintiff Eugene E. Forte ("Plaintiff"). The first of these, filed on September 8, 2013, in both cases 11cv0318 and 11cv0718, is titled "Motion for a More Definitive Statement And Clarification of Competency Hearing September 3rd Test Order Only Ruling & Request for Judge Ishii to Request Grand Jury Investigation of Merced County Defendants' Governmental Abuse of Psychology" (the "September 8 Motion"). The second motion filed on January 13, 2014, only in case # 11cv0318, is titled in part

"Amended Motion for Orders and Plaintiff's Status Report on Appeal (hereinafter, the "January 13 Motion").  The court herewith responds to each of Plaintiff's motions in order.

**I. Clarification of the September 3 Hearing and Order**

The complete title of Plaintiff's September 8 Motion is "Notice of Motion and Motion for a More Definitive Statement and Clarification of Competency Hearing September 3rd, 2013 Text Order Only Ruling & Request for Judge Ishii to Request Grand Jury Investigation of Merced County Defendants' Governmental Abuse of Psychology."  The clarification portion of the motion appears mainly to concern the results of the hearing on Plaintiff's competency to represent himself that was conducted by this court on September 3, 2013.  Plaintiff seeks clarification of this court's determination that Plaintiff is competent to represent himself in the actions currently before this court in light of the determination by the Merced County Superior Court's determination that Plaintiff was incompetent to stand trial in the misdemeanor criminal cases in that court.  Plaintiff's underlying argument appears to be that, if this court found Plaintiff competent to represent *himself* in the cases before this court, the necessary implication is that this court must find the state superior court's decision that Plaintiff was incompetent to aide his *appointed attorney* in his criminal defense to be erroneous.  In other words, Plaintiff posits that there exists a fundamental inconsistency between this court's determination of Plaintiff's competence to represent himself and the state court's determination that he was incompetent to assist his attorney in his criminal defense.

There is no inconsistency.  Plaintiff was found incompetent by the state court to assist his appointed criminal defense attorney pursuant to California Penal Code section 1376.  Basically, Cal. Penal Code § 1376 has two prongs; the first prong references the defendant's ability to understand the nature of the charges and proceedings and the second references his capacity to aide in his attorney's presentation of a defense.  Disability as to either prong is sufficient to sustain a finding of incompetence to stand trial in a California criminal case.  Plaintiff was determined by the state court to have a disability as to the second prong only.  That finding is quite narrow inasmuch as it implies that Plaintiff is incompetent for one purpose and one

purpose only; he is not able to lend assistance to his appointed counsel in a criminal proceeding. In the proceedings before this court, Plaintiff represents himself without the assistance of counsel. This court is therefore not concerned whether Plaintiff is able to assist counsel; it is concerned only with whether Plaintiff is capable of understanding the proceedings and maintaining the required focus on relevance and proper procedure. This court, after conversation with Plaintiff, was satisfied that Plaintiff is competent to represent himself to the extent necessary to present his own civil cases and made its ruling to that effect.

This court's determination of Plaintiff's competency to represent himself in the matters before this court carries no implications regarding the state court's determination that Plaintiff is not competent to assist his criminal defense counsel. It apparently is or was Plaintiff's intent to use proceedings in this court to refute the state court's determination and, in particular, to refute the conclusions of the state court's appointed psychologist, Dr. Blak, who opined, among other things, that Plaintiff maintains a delusional belief of an ongoing conspiracy against him. This court found Dr. Blak's opinions to be not relevant to its determination of the issue of whether Plaintiff is or is not able to represent himself in the matters now before this court. In short, the court was and remains of the opinion that the diagnosis of such problems as personality disorders or a delusional belief system does not necessarily mean an individual is disabled from adequately representing his or her cause in this court. Because this court determined Dr. Blak's opinions are not germane to its determination of whether Plaintiff is capable of representing himself, the court has no need or reason to determine whether Dr. Blak's opinions are accurate or adequately substantiated.

Apparently of some concern also to Plaintiff was the court's admonition during the September 3 hearing that a person representing themselves in a civil proceeding before the court is bound by the same rules of conduct as would be required of an attorney representing a client. The court provided Plaintiff with photocopies of local rules that pertain to the duty of counsel to refrain from prejudicial or derisive remarks during (at minimum) proceedings before the court.

Plaintiff appears to understand both the meaning and import of the rules of conduct. Further explanation does not appear to be necessary.

At the final paragraph of Plaintiff's September 8 Motion Plaintiff requests that the court "request and/or initiate a Federal Grand Jury investigation of the governmental abuse of psychology and abuses done under the color of law by the defendants to plaintiff, or refer the matter over to the Offices of the US Attorney, or FBI for investigation." Doc. # 174 at 8:10-15. At the September 3 hearing the court explained to Plaintiff that, so far as the court is aware, there is no mechanism by which a federal judge can order a federal grand jury investigation. Plaintiff's request does not indicate there is some provision the court has overlooked. Federal grand juries, so far as the court is aware, operate solely at the direction of the Attorney General through the various United States Attorneys. To the extent Plaintiff is now requesting the court refer the matter complained of to the FBI, the court will decline for reasons that follow.

From an analytical point of view Plaintiff's request to refer to the FBI breaks down into three separate issues. Plaintiff's request for grand jury or FBI investigation implies: (1) that Plaintiff has the right to require that a criminal prosecution against him, once commenced, be carried through to its completion, and (2) that this right was violated by means of a phony psychological examination that served as pretext for the dismissal of his criminal prosecution, and (3) that other "abuses done under color of law" were perpetrated upon Plaintiff in the course of the criminal proceedings in the state court. The first proposition – that Plaintiff has the right under federal law or the United States Constitution to the completion of a criminal prosecution against him once it has commenced – is false and the court has so informed Plaintiff on prior occasions. While this court is not an authority on California law, the court can assure Plaintiff in no uncertain terms that there is no right under federal law or the Constitution of the United States to the completion of a prosecution once it has commenced. So far as federal law is concerned, a district attorney or a government attorney in a federal criminal case can cease the prosecution of a criminal complaint and dismiss the case at any point and at his or her sole discretion. If any right to the completion of a prosecution in a criminal case exists under California law, Plaintiff is

free to bring such a claim for violation of that right in a state court but he may not do so in this court because no federally recognized right is implicated.

The second proposition – that Plaintiff was denied the right to the completed criminal prosecution against him by means of a phony psychological examination – fails for a similar reason. Since there is no right to the completion of a criminal prosecution under federal law or under the Constitution, no constitutional or federally recognized injury could have resulted from the allegedly phony psychological examination. Plaintiff makes much of something he terms "Misuse of Psychology." If there is an independent right to a psychological examination that meets certain standards, then it is up to Plaintiff to point out where that right is to be found. The court knows of no such right. Plaintiff has made reference on other occasions to Joseph Stalin's use of commitment of political dissidents to "psychiatric hospitals" for the purpose of their elimination and suggests that something similar is going on in Merced. Joseph Stalin used the excuse of "psychology" to *imprison* his political enemies. In this case psychology was used, if at all, to *avoid* the possibility of imprisonment. The difference makes a difference. As noted, there is no personal right known to this court for an individual to demand he be put in jeopardy of imprisonment.

As something of an aside, even if Plaintiff can find some legal basis for an action for "misuse of psychology," it is an elementary legal precept that a plaintiff cannot maintain such a claim unless he or she can show they were damaged by the defendant's actions. Plaintiff cannot show he was damaged in any way by Dr. Blak's opinions unless he can prove that those opinions were false or erroneous and that the error or falsity caused the damage. In order to make the required proof, Plaintiff would be required to show that a psychological or psychiatric examination, properly conducted, would have produced a more favorable result. The making of this proof would necessarily require Plaintiff to submit himself to psychiatric or psychological examination by an expert deemed qualified by the court hearing the case. In short, if it is Plaintiff's purpose to show he was injured by Dr. Blak's opinion, Plaintiff has the burden to

show Dr. Blak's opinion was substantially inaccurate, not merely that his methods were subjectively questionable.

Finally, Plaintiff's third implied proposition – that he has suffered other "abuses done under color of law" – is currently submitted to the court to the extent those abuses consist of violations of Plaintiff's Fourth Amendment rights against the excessive use of force or arrest without probable cause. The court is in the process of adjudicating those claims and there is no reason to refer them to the FBI.

**II.  The January 13 Motion**

Plaintiff's January 13 Motion sets forth four parts in its title: (1) "Extension of Time to File Amended Complaint," (2) "October 21st, 2013 Request for Clarification (Under Submission)," (3) "Protecting the Rule of Law & Integrity of the Court," and (4) Independent Review of Magistrate Judge Snyder's Denial of Plaintiff's ECF Participation." The first of these parts is being or has been addressed by the Magistrate Judge to which it was assigned. The second of the listed parts is addressed by Part I of this response. The third of the topics raised by the title – "Protecting the Rule of Law & Integrity of the Court" – is unintelligible. To some extent, the material included under that heading appears to be part of Plaintiff's argument for reconsideration of the Magistrate Judge's denial of his request to use the electronic filing system in Case Number 13cv1980. That issue will be dealt with in the paragraph that follows. Whatever else Plaintiff may have intended under the heading "Protecting the Rule of Law & Integrity of the Court" is not apparent to the court.

On December 13, 2013, Plaintiff filed an action in this court titled <u>Forte v. Patterson Police Department et al.</u>, 13cv1980. The case is currently pending before District Judge O'Neill. Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis, which was granted by Magistrate Judge Snyder on December 12, 2013. On December 6, 2013, Plaintiff filed a motion to participate in the court's electronic filing system. That motion was denied by Magistrate Judge Snyder on December 18, 2013. Plaintiff filed a "Renewed Request to Participate in Court Electronic Filing (ECF)" with Judge O'Neill on January 17, 2014. That

renewed request was denied by Judge O'Neill on January 22, 2014.  District court judges have not the time, inclination or authority to review each other's orders or opinions.  Judge O'Neill has given reconsideration to the Magistrate Judge's denial of permission to participate in the court's ECF system and has issued his denial.  Judge O'Neill's decision is final in this court inasmuch as the request was filed in the case assigned to him and Judge Ishii has no authority to issue an independent opinion or order.  Plaintiff's request for independent review by Judge Ishii is therefore DENIED.

IT IS SO ORDERED.

Dated:   January 30, 2014                               _____
                                                         SENIOR DISTRICT JUDGE