UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>        Plaintiff<br><br>   v.<br><br>TOMMY JONES, an individual and DOES 1 - 100,<br><br>        Defendants. | CASE NO. 1:11-CV- 0718  AWI BAM<br><br> ORDER ON PLAINTIFF'S *EX PARTE* REQUEST TO CONTINUE TRIAL AND STAY PRETRIAL ORDERS<br><br>Doc. # 132 |

   Currently before the court is a request by plaintiff Eugene Forte ("Plaintiff") to continue the date currently set for trial and to vacate all associated pretrial orders.  The trial in this action is currently set for June 3, 2014, and the date currently set for trial conformation and consideration of motions in limine is May 20, 2014.   "The decision to grant or deny a requested continuance lies within the broad discretion of the district court."  United States v. Flint, 756 F.2d 1352, 1358 (9th Cir. 1985).  The factors considered by a district court are: (1) the extent of the diligence in his efforts to ready himself for the trial prior to the date set for its commencement; (2) what needs of the moving party will go unmet if the continuance is not granted; (3) inconvenience to the court or to the opposing party, including any witnesses; and (4) prejudice to the applicant likely to result from denial.  See id. at 1359 (listing factors in the context of appeal of denial of continuance); Maciel v. Rowland, 5 F.3d 537, 1993 WL 339829 (9th Cir. 1993) at *4 (applying same factors in the context of appeal of denial of continuance in action pursuant to 42 U.S.C. § 1983).

//

//

**A. Diligence**

The term "diligence" in this context refers to the diligence with which Plaintiff has pursued his claims in *this* case. This case was removed to this court on May 5, 2011, and the first scheduling order was issued on February 10, 2012. Each of Plaintiff's three claims were tested by way of a motion for summary judgment by defendant Tommy Jones ("Defendant"). Plaintiff's claim for abridgment of his rights under the First Amendment in violation of 42 U.S.C. § 1983 withstood the challenge while claims for defamation and intentional infliction of emotional distress were dismissed. Doc. # 43, filed March 20, 2013. Defendant's first pretrial statement, filed on March 25, 3013, Doc. # 44, raised the issue of Plaintiff's prior adjudication of incompetence to stand trial in a criminal case in Merced District Court. As Defendant had declared an intent to raise that issue in his defense, the court found it necessary to hold a hearing on the issue and rule in advance on whether Defendant would be allowed to raise the issue of competence in the instant proceeding. All dates relating to the trial, which was then set for May 14, 2013, were vacated and further briefing was ordered and a hearing set on the issue of Plaintiff's competency to represent himself was set. Doc. # 50, filed March 26, 2013.

There followed a spate of motions and requests including motion for appointment of counsel, motions for clarification, motion for continuance, motion for issuance of subpoenas and others. Plaintiff also filed an appeal, which was denied for lack of appellate jurisdiction. The hearing on the issue was held on September 5, 2013. The court determined Plaintiff was competent to proceed in the instant matter, that Defendant would not be allowed to raise the issue of Plaintiff's competence and ordered that any stay previously imposed in this action be lifted. On November 5, 2013, the Magistrate Judge set new dates for the trial and pretrial conference. Doc. # 121. The instant motion to continue trial date was filed by Plaintiff on April 28, 2014.

An examination of the Docket report in this action reveals that Plaintiff has been diligent in prosecuting his remaining claim. So far as the court is aware, all aspects of the proceeding that would normally precede trial, including discovery and legal testing of the sufficiency of the claims has been completed. While continuances have been occasionally been requested and granted, there is nothing to suggest Plaintiff has been dilatory in his litigation of this action.

### B. Needs of the Moving Party

Significantly, Plaintiff's request to continue does not reference needs arising from this action, other than the generalized need to not impinge on time needed to attend to perceived needs in other actions currently pending in this court and in the state appellate court. Plaintiff states he is "currently involved in trying to stop the 'fraud upon the court' in the Merced County Appellate Court that this court has been made aware of in the underlying criminal cases of the *People v. Forte*, Merced Superior Case No. CRL001412 and CRL003409 and has needed, in order to protect his interests, [to] file a Request to Stay Appeal."[1] Plaintiff contends that, because of the time commitments necessary to preserve his rights in his other cases, he is without the time to prepare motions in limine and to otherwise prepare for trial in this case.

Several considerations militate against Plaintiff with regard to needs that will not be met if continuance is not granted. First, the issue on trial is extraordinarily simple – did Defendant *intend* to deprive Plaintiff of his right to free speech when Defendant switched off Plaintiff's microphone three minutes prior to the expiration of Plaintiff's allotted time? While Plaintiff alleges a connection between this case and the other cases pending in this court, there is no legal connection between this case and the others and the sole issue to be tried (other than damages) remains very simple and straightforward.

It is the court's understanding that Plaintiff is of the opinion that Defendant's act of shutting off his microphone during the city council meeting was part of an overall pattern of retaliation by officials against Plaintiff for reporting their misdeeds in his publication, the Badger Flats Gazette. While the court is not going to make any decisions regarding admissible evidence in this order, the general rule is that evidence that is removed in time and distance from the act giving rise to the claim must be shown to be both relevant and non-prejudicial in order to be admissible.

---

[1] The "Request to Stay Appeal" refers to an appeal brief that was prepared by Plaintiff's appointed appellate counsel in the criminal proceedings in the Superior Court following the dismissal of Plaintiff's criminal case. Apparently the appeal seeks to remedy the Superior Court's determination that Plaintiff was mentally incompetent to aide his attorney in his defense because the Superior Court's determination resulted in Plaintiff being prohibited from ownership of firearms. It is Plaintiff's contention that the dismissal of his criminal case is appealable to remove the impediment. The stay was requested by Plaintiff because his appointed counsel's brief failed to emphasize Plaintiff's claim of ineffective assistance of his criminal counsel.

For this reason, it may be assumed that the bulk of the evidence that will be permitted will be evidence of conduct that occurred at the meeting itself and that most, if not all, evidence of past conflicts between Plaintiff and Defendant and past allegations against Defendant by Plaintiff will not be allowed because they are either irrelevant or more prejudicial that probative. It follows that the presentation of evidence at trial can be anticipated to be short, simple and straightforward. The court cannot see any extraordinary need for preparation of testimony or for preparation of motions in limine.

The second consideration that militates against Plaintiff arises from Plaintiff's marked tendency in this action and in the other cases pending before the court to unnecessarily multiply the complexity of each of the cases by repeated motions for clarification, motions for reconsideration and the like. The court has reviewed Plaintiff's pleadings regarding his request for stay of appeal and finds that what is really at issue is nothing more than a disagreement as to style and emphasis. There is nothing in Plaintiff's effort to stay his appeal in his superior court case that is of such substance and importance that it would warrant any continuation in this case. More importantly, given Plaintiff's demonstrated penchant for attempting to make a substantive issue of every decision he disagrees with, there is little basis to believe that if the continuance were granted, Plaintiff would be feeling any less under pressure from the other cases he is involved in that he feels now. In short, Plaintiff stands to gain nothing he needs in this action by continuing the trial and would likely benefit from bringing this action to a conclusion to clear time to devote to his other cases.

**C. Inconvenience to the Court and Other Parties**

As the court has made clear on several occasions, it is operates with the highest per-judge workload of any district court in the United States. As a consequence, trial time is at a premium and it is common for the court to double and triple book trials in the hope that the court will be able to accommodate those cases that actually go to trial. The court has given priority to Plaintiff's action during the time scheduled and it would be no small inconvenience to the court or to other litigants also awaiting available trial time to continue Plaintiff's trial into another time slot.

In addition, this action has been in process for a longer time than would normally be the case for an action of such simplicity.  While Plaintiff has been diligent, his diligence has not necessarily served the purpose of timely and efficient resolution of the action.  In particular, the court notes that the time period between the court's decision on September 5, 2013, that Plaintiff was competent to represent himself, and the Magistrate Judge's order November 5, 2013, setting the trial date, Plaintiff had a two-month period in which to make final preparations for trial and instead chose to a file pointless motions arguing with various aspects of the court's determination that Plaintiff was competent and that any stays previously imposed were lifted.  See Doc. # 106, ("Motion for More Definite Statement [. . .] and Request for Grand Jury Investigation of Abuse of Psychology").  The court also notes that Plaintiff declared his unavailability for the month of February 2014, during which time Plaintiff was specifically counseled that his obligations to meet the deadlines imposed by scheduling orders would not be excused due to his non-availability. At this point, the court feels Plaintiff has been afforded adequate time to prepare himself for trial whether or not he has used the time for that purpose and the Defendants and their witnesses are now entitled to timely resolution of this action.

**D.  Potential Prejudice**

The fourth factor, prejudice to the applicant, is applied normally retrospectively by an appellate court in reviewing the denial of a continuance of a trial date by a district court.  From the district court's perspective, the consideration of prejudice to the applicant is forward looking and is essentially a determination of the potential prejudice arising from the denial of the applicant's stated needs as identified in the second factor.  As previously noted, the court is of the opinion that no aspect of this action will suffer as a result of the denial of Plaintiff's request for continuance and it is more likely in the court's opinion that Plaintiff will actually benefit from the timely resolution of this action because his time will be freed up for other pursuits.

The court, having considered each of the required factors, finds that Plaintiff has not stated sufficient cause for continuance of the trial date currently set for June 3, 2014.  Plaintiff's *ex parte* application for continuance is therefore DENIED.

1
2  IT IS SO ORDERED.
3  Dated: May 7, 2014
4  SENIOR DISTRICT JUDGE