UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>              Plaintiff,<br><br>     v.<br><br>TOMMY JONES, et al.,<br><br>              Defendant. | No.  1:11-cv-00718-AWI-BAM<br><br>**ORDER DIRECTING COREY PRIDE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED BASE ON HIS FAILURE TO APPEAR AS REQUIRED BY SUBPOENA** |

   A subpoena was issued ordering Corey Pride to appear on June 3, 2014 at 8:30 a.m., for the trial in the above referenced matter. Doc. 151-6.

   A subpoena shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." F.R. Civ. P. 45(a) (1)(iii). The issuing court may hold a person in contempt for failing to obey a subpoena. F.R. Civ. P. 45(g).

   A civil contempt sanction is designed to force the contemnors to comply with an order of the court and thus to affect discovery. *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 207, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). Civil contempt in this is designed to curtail

disobedience of a specific and definite court order where a person has failed to take all reasonable steps to comply. *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 778 (9th Cir.1983). Courts have inherent power to enforce their orders through civil contempt. *See Spallone v. United States,* 493 U.S. 265, 276, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990), citing *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966. A district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City of San Francisco,* 968 F.2d 850, 856 (9th Cir.1992).

On June 5, 2014, Mr. Pride was called as a witness but, as represented to the Court by Mr. Forte, Mr. Pride was not present. At approximately 1:37 p.m. on June 5, 2014, this Court indicated that it would issue an order to show cause why sanctions should not be imposed. The Court notes that Mr. Pride's counsel filed a document entitled "Objection to Subpoena" at 9:33 a.m. on June 5, 2014. Doc. 171. A filing objecting to subpoena on the date of the required attendance is neither the proper vehicle for challenging a subpoena nor is it a timely challenge to the subpoena. *See* Fed. R. Civ. P. 45(d)(3).

Mr. Pride was required to be present but failed to appear.

Failure to comply with this order may result in sanctions. *See* Eastern District Local Rule 110; Fed. R. Civ. P. 11.

Therefore, it is hereby ORDERED that Corey Pride show cause for his failure to appear in compliance with subpoena. Mr. Pride is further ORDERED to appear on Friday, June 6, 2014, at 11:00 a.m. in Courtroom 2 to address the reason for his absence and to address such other matters as may pertain to this case.

IT IS SO ORDERED.

Dated:   June 5, 2014                                 _____
                                                                                  SENIOR DISTRICT JUDGE

2