UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. FORTE,

    Plaintiff,

    v.

TOMMY JONES,

    Defendant.

                                             /

Case No. 1:11-cv-00718-AWI-BAM

**ORDER ON PLAINTIFF'S REQUEST FOR AN ORDER TO SHOW CAUSE**

(Doc. 216, 218)

        After securing a judgment against Defendant Tommy Jones, Plaintiff Eugene Forte sought an order from this Court requiring Defendant to appear for a debtor's examination under oath pursuant to Rule 69. An order to appear for examination was issued on March 24, 2015, and the hearing was set for April 24, 2015. Defendant and Counsel appeared at the Rule 69 hearing on April 24, 2015. Defendant was sworn and testified. During the course of the Examination, the Court was asked to direct Defendant to answer certain questions. The Court did so, and Defendant answered. The Examination concluded, and the parties adjourned.

        On May 27 and May 28, 2015, Plaintiff filed a Motion and Amended Motion, respectively, for and Order to Show Cause for Civil and Criminal Contempt by Defendant Tommy Jones and Defense Counsel. (Doc. 216-219.) In short, Plaintiff contends that Defendant committed perjury and acted in contempt of Court during the Examination when Defendant testified that he did not have conversations with City of Los Banos representatives, Carrigan or Vaughn, about payment of the judgment. Plaintiff

1

asks that Defendant and Counsel be held in civil and criminal contempt, jailed for no less than 90 days, fined $5,000.00, and have his costs paid in the amount of $3,242.68, among other requests.

## ANALYSIS

**A.     Rule 69**

Federal Rule of Civil Procedure 69 governs the enforcement of judgment proceedings in the federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir.1996). In significant part, Rule 69 provides, "[t]he procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. 69(a)(1). The purpose of a debtor examination is to identify property in the possession or control of the judgment debtor or a third person (such as a nondebtor spouse), to learn about property the debtor may obtain in the future, and to require the debtor or third person to turn over property to the levying officer. *See Imperial Bank v. Pim Electric, Inc.*, 33 Cal.App.4th 540, 546-547, 39 Cal.Rptr.2d 432, 437 (1995); *Lee v. Swansboro Country Property Owners Ass'n*, 151 Cal.App.4th 575, 581, 59 Cal.Rptr.3d 924, 927 (2008). The judgment debtor must appear in court "*to furnish information to aid in enforcement of the money judgment*." Code Civ.P. § 708.110(a) (emphasis added); *Hooser v. Super.Ct. (Ray)*, 84 Cal.App.4th 997, 1002, 101 Cal.Rptr2d 341, 345 (2000).

A judgment debtor may be held in contempt of court for failing to appear at the debtor examination in defiance of a court order to do so. C.C.P. § 708.170(a)(1)(A); *see also Baker v. Limber*, 647 F.2d 912, 919 (9th Cir.1981) ("A judgment-debtor's refusal to answer questions in a Rule 69 proceeding normally would justify a court's exercise of its contempt power.").

As stated above, following entry of judgment, Plaintiff applied for and received a court order compelling discovery from Defendant. A Rule 69 Examination was held on April 24, 2015, for the purpose of identifying assets from which the judgment might be satisfied. Defendant answered a variety questions regarding his assets. One line of questioning, now at issue in this motion, is whether Defendant Jones had certain conversations with City of Los Banos representatives as to whether the City would pay, on Jones' behalf, the remaining amount of the judgment to Plaintiff.

Here, Plaintiff does not seek an Order to Show Cause because Defendant Jones failed to appear at the Rule 69 hearing. Defendant Jones appeared. Plaintiff does not seek an order to Show Cause because Defendant Jones failed to answer questions at the Rule 69 hearing. Defendant Jones answered all questions. Here, Plaintiff seeks an Order to Show Cause to prove that Defendant's answers to a limited line of questioning were not truthful.

The Court exercises its discretion and does not issue an Order to Show Cause in this situation. The issue upon which Plaintiff seeks contempt is tangential to the fundamental purpose of the Rule 69 enforcement proceeding. The Rule 69 purpose is to uncover and determine assets from which the judgment could be satisfied. Here, the purported perjured answers are not related to the discovery of assets. Rather, the answers are related to Defendant's communications with City officials on whether the Mr. Jones asked City officials to pay the judgment. As Defendant is not employed by the City and has no control over the City or its finances, inquiry into this subject area is only tangentially related to the purpose of the Rule 69 enforcement proceeding.

The Court acknowledges that a charge of perjury is not to be disregarded lightly. And the Court does not do so. *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (explaining that "when [perjury] is discovered, the penalty needs to be severe enough to deter such conduct" and protect the judicial process against abuse, because "[t]he proper administration of justice depends on people testifying truthfully under oath"). However, here, the testimony is not relevant to the purpose of the Rule 69 proceeding and there is no prejudice to Plaintiff from the information purportedly mislead. At the time of the Examination, the Court permitted Plaintiff to question Defendant about whether the City would serve as a source of potential income. The Court's permission for the inquiry was based upon California's broad policy considerations for enforcing judgment. *See e.g.*, *Troy v. Superior Court*, 186 Cal.App.3d 1006, 1014, 231 Cal.Rptr. 108 (1986) (Judgment debtor examinations serve an important function in our judicial system.). However, during the Examination, the Court cautioned that questions regarding the nature of communications between Defendant and City officials were not directly related to assets. Doc. 216-2 at 42:15-19 ("I'm not quite sure [Plaintiff's question] is getting to assets, and that's what the purpose of this is"). Whether the City is a source of assets is an appropriate question; specific communications regarding how or

3

why that decision was made is a different matter and irrelevant for the purposes of ascertaining the existence and whereabouts of assets available to satisfy a judgment. The Court declines now to invoke its contempt authority under these facts. Of additional significance, the Court also declines to multiply the proceedings in this case. On balance, given the tangential nature and the relevance of the information, the lack of any type of prejudice, and the crushing caseload in the Eastern District, the Court declines to issue the Order to Show cause.

### B. 18 U.S.C. §401 and Fed.R.Crim.P.42 are Inapplicable

Plaintiff relies upon 18 U.S.C. §401 which permits a court to hold a person criminally in contempt for certain conduct. Fines or imprisonment may be imposed for criminal contempt under 18 U.S.C. § 401 and F.R.Crim.P. 42 (criminal contempt). Section 104 states:

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

*In re Osborne*, 344 F.2d 611 (9th Cir. 1965) (This section providing for summary contempt judgment is criminal and must be strictly construed). Here, none of the conditions of the statute occurred. Further, criminal contempt is inappropriate in these circumstances.

### C. 28 U.S.C. §1826

Plaintiff also relies upon 28 U.S. C. §1826 as a source of sanction authority. Section 1826 provides that a court may, upon a witness' refusal to testify, may order the witness' confinement. This statute is inapplicable because Defendant Jones in fact testified and answered the questions posed by Plaintiff.

///

///

///

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for an Order to Show Cause for Civil and Criminal Contempt by Defendant Tommy Jones and Defense Counsel is DENIED.
2. The hearing set for June 26, 2015 is VACATED.

IT IS SO ORDERED.

Dated: **May 29, 2015**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE