# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE E. FORTE,**<br><br>    **Plaintiff**<br><br>    v.<br><br>**TOMMY JONES,**<br><br>    **Defendant.** | **1:11 – cv – 0718 AWI  BAM**<br><br>**ORDER DENYING RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER, DOC. # 220, DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND RELATED ORDER**<br><br>**Doc. #'s 223 & 222** |

    Currently before the court is a pleading by plaintiff Eugene Forte ("Plaintiff") titled "Plaintiff's Objection to Magistrate Judge Barbara McAuliffe [sic] Order on Plaintiff's Request for an Order to Show Cause Doc. # 220" (hereinafter, Plaintiff's "Objection"). Doc. # 223. On June 13, 2014, judgment was entered following a jury trial awarding Plaintiff $10,000 in general damages and $7,500 in punitive damages. On April 24, 2015, the court held a Judgment Debtor's Examination ("Examination") of defendant Tommy Jones ("Defendant") pursuant to a motion by Plaintiff. During the Examination, Plaintiff engaged in a line of questioning that was intended to elicit from Defendant testimony as to whether Defendant had spoken to either Carrigan or Vaughn, both Los Banos City officials, regarding the payment of the punitive damages portion of the judgment against Defendant. The magistrate allowed the line of question and Defendant unequivocally denied having had any contact with either official regarding City payment of some or all of the judgment against Defendant. On May 27, 2015, Plaintiff filed a motion titled: "MOTION FOR ORDER TO SHOW CAUSE FOR CIVIL AND CRIMINAL CONTEMPT BY DEFENDANT TOMMY JONES AND DEFENSE COUNSEL BENJAMIN RATLIFF." Doc. #

216. The "Motion for Order to Show Cause" was amended the following day. As the title suggests, Plaintiff's Motion for Order to Show Cause contended that Defendant had committed perjury and/or contempt by falsely answering the questions regarding his contact with Carrigan or Vaughn and that his perjury had been suborned by his attorney, Mr. Ratliff. On May 29, 2015, the Magistrate Judge Denied Plaintiff's Motion to Show Cause. Doc. # 220. That order is the subject of Plaintiff's Objection.

As an initial matter, the court notes that on the day prior to the filing of his Opposition, Plaintiff filed a document titled: "EX PARTE APPLICATION by Eugene E. Forte for PLAINTIFFS INITIAL REQUEST FOR A STAY OF RULING ON PLAINTIFFS OBJECTION TO MAGISTRATE MCAULIFFES ORDER DOC. 220 BY JUDGE ANTHONY ISHII AND REQUEST FOR 45 DAYS FOR PLAINTIFF TO FILE AND HAVE HEARD A MOTION TO DISQUALIFY JUDGE ANTHONY ISHII" (hereinafter, the "Motion for Stay"). Doc. # 222. The Motion for Stay is based on Plaintiff's perception of bias against him as evidenced by this court's decision to apply terminating sanctions against Plaintiff in the case of <u>Forte v. County of Merced, et a.</u>, 11cv0318 AWI BAM. As has been the case on prior occasions, Plaintiff perceives the court's legal decisions that go against him as evidence of prejudice. It is apparently Plaintiff's hope that in having an additional 45 days to compile the court's decisions or opinions that are contrary to Plaintiff's opinions or interpretations of the law, he can persuade this court to disqualify itself and forum shop until he finds one more to his liking. It should be noted that the only other District Judge available in this court, Judge O'Neill, is laboring under one of the highest workloads in the nation and is currently the District Judge for one of Plaintiff's other cases in this court. The court cannot grant Plaintiff's motion to stay and will not permit Plaintiff to substitute forum shopping for the standard practice of appeal of unfavorable decisions. As the court has stated or suggested on a number of occasions, the proper procedure in light of a decision or decisions that are unfavorable or disagreeable is appeal, not repeated arguments for reconsideration or attempts to reject the jurisdiction of the court. Any motion by Plaintiff to disqualify this court from the exercise of its jurisdiction will be summarily rejected.

Federal Rules of Civil Procedure 72(a) gives Magistrate Judges the authority to hear and

decide nondispositive pre-trial matters. Fed. R. Civ. Proc. 72(a).  Title 28 U.S.C. §636(b)(1)(A) states "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  The court must give deference to a nondispositive order entered by a magistrate judge unless the order is "clearly erroneous or contrary to law." Grimes v. City and County of San Francisco, 951 F. 2d 236, 241 (9th Cir. 1991).  Additionally, the reviewing court may not substitute its judgment for that of the deciding court. U.S. v. BNS, Inc., 858 F. 2d 456, 464 (9th Cir. 1988). An order is "clearly erroneous" if, after consideration of all of the evidence, the district court is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F. 2d 1369, 1370 (9th Cir. 1992).  An order is "contrary to law" if it fails to apply or misapplies the existing law including case law, statues, or rules of procedure. Yen v. Baca, 2002 WL 32810316 at *2 (C.D. Cal. 2002).

    The Magistrate Judge's Order provided a thorough discussion of the court's purpose in conducting a Judgment Debtor's Examination and the court's authority to sanction perjured testimony.  The Magistrate Judge reasoned:

> The court exercises its discretion and does not issue an Order to Show Cause in this situation.  The issue upon which Plaintiff seeks contempt is tangential to the fundamental purpose of the Rule 69 enforcement proceeding.  The Rule 69 purpose is to uncover and determine assets from which the judgment could be satisfied.  Here, the purported perjured answers are not related to the discovery of assets.  Rather, the answers are related to Defendant's communications with City officials on whether [Defendant] asked City officials to pay the judgment.  As Defendant is not employed by the City and has no control over the City or its finances, inquiry into this subject area is only tangentially related to the purpose of the Rule 69 enforcement proceeding.

Doc. 220 at 3:6-13.  In concluding the discussion on civil contempt, the Magistrate Judge observed: "Of additional significance, the Court also declines to multiply the proceedings in this case.  On balance, given the tangential nature and the relevance of the [allegedly false] information, the lack of any type of prejudice, and the crushing caseload in the Eastern District, the Court declines to issue the Order to Show Cause.  Doc. # 220 at 5:3-6.

    In his opposition Plaintiff contends that the allegedly perjured testimony was not "tangential" because the Magistrate Judge had ruled the line of question Plaintiff proposed was

3

germane to the discovery of assets under the control of Defendant that could be used to satisfy the judgment. The court disagrees with Plaintiff. Had Defendant testified that he had talked to the Los Banos Officials and testified that they had agreed to pay some portion of the judgment, there might have been some materiality as to Plaintiff's line of questioning inasmuch as a source of assets to satisfy the judgment might have been identified. As Plaintiff's Objection makes clear, however, his concern is not that Defendant did or did not identify a source of assets, it is whether any public funds might be used to pay the punitive damages portion of the judgment. Plaintiff is adamantly opposed to the use of any public funds to pay the punitive damages portion of the judgment against Defendant.

The court agrees with the Magistrate Judge that whether or not Defendant had a conversation with Vaughn or Carrigan concerning any payment of, or contribution to, the judgment against defendant is tangential to the purposes of the Rule 69 hearing. First, whether a conversation occurred or not is not determinative of the existence of an asset for Rule 69 purposes. Second, Plaintiff has not shown that he has standing to challenge any source that might have been identified or that such a challenge is appropriate within the context of a Rule 69 hearing. The court concludes that the Magistrate Judge did not abuse the court's discretion in finding that the questions posed by Plaintiff and the answers given by Defendant were merely tangential to the purposes of the Rule 69 proceedings.

Plaintiff also appears to contend that, contrary to the Magistrate Judge's decision, he was somehow prejudiced by the allegedly perjured answers supplied by Defendant and will be greatly prejudiced by the Magistrate Judge's denial of an issuance of an Order to Show Cause. The court agrees that no prejudice to Plaintiff is apparent. To the extent that Plaintiff contends he has some abstract type of constitutional Due Process right that is offended when facts alleged by the opposing party are not unassailably truthful, he does not; at least not in the sense that he has a right to direct the court's limited resources to conduct a mini-trial for each instance in which Plaintiff feels he has been lied to. As the Magistrate Judge pointed out, prejudice, in the context of a Rule 69 examination, is evidenced by the impairment of the court's effort to identify assets. The content or existence of conversations between Defendant and City officials that did not identify a

4

source of assets did not impair the court's inquiry.  The Magistrate Judge was present at the Judgment Debtor's examination, took part in that examination and is in the best position to exercise the court's discretion to pursue or not pursue allegations of untruthfulness.  This court is convinced that the Magistrate's Judge was not erroneous or contrary to law in exercising the court's discretion to not pursue claims of perjury, obstruction or contempt pursuant to Plaintiff's Objections.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that:

1. Plaintiff's ex parte motion to stay consideration pending motion to disqualify Judge Ishii, Doc. # 222, is DENIED.

2. Plaintiff's Objection to the Magistrate Judge's Order, Document Number 223, is hereby CONSTRUED as a motion for reconsideration and is hereby DENIED.

IT IS SO ORDERED.

Dated:   June 16, 2015

SENIOR DISTRICT JUDGE

5